IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RUSSELL KEITH HILL                                                                    PETITIONER

VERSUS                                                          CIVIL ACTION NO. 2:03cv248KS-JMR

LAWRENCE KELLY                                                                        RESPONDENT

## ORDER

This matter is before the Court on the petitioner's motion for reconsideration [31-1] of the order [30-1] denying his motion to reinstate [25-1].  A party seeking relief under Rule 60(b) must show:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud,  . . .  misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.  FED. R. CIV. P. 60(b).

In the instant motion, the petitioner argues that the "court's dismissal without prejudice implies that the district court intended to dismiss the claim, but permit the petitioner to pursue the claim in the same action upon exhaustion of state remedies in the district court's modification of exhaustion rule." (Motion [31-1] p.2).  Having considered the petitioner's motion, this Court finds it is without merit.

When a case is dismissed without prejudice, the effect of such a dismissal is "to render the case without legal effect."  In Re Wilson, 442 F.3d 872, 880 (5th Cir. 2006) (citing Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995)("[A] dismissal without prejudice 'leaves the parties in the same legal position as if no suit had been filed' ". )).  Clearly, the Court's dismissal without

prejudice does not mean that the case, which was formerly dismissed, will be reopened when the petitioner satisfies the exhaustion requirement of 28 U.S.C. § 2254.  See Long v. Board of Pardons and Paroles of Texas, 725 F.2d 306, 307 (5th Cir. 1984) ("The district court  ... did not err in refusing to 'reactivate' a finally dismissed former action.").  A case dismissed without prejudice merely means that the party may file a new suit.  Therefore, as the order [30-1] of this Court previously instructed, the petitioner must file a new habeas petition.  Since the petitioner has not asserted any of the grounds required by Rule 60(b), this Court finds that there is no reason to alter its previous ruling.  It is, therefore,

ORDERED AND ADJUDGED that plaintiff's motion for reconsideration [31-1] is **denied.**

IT IS FURTHER ORDERED that if the plaintiff wishes to pursue his habeas claims he may do so by filing a separate civil action.

IT IS FURTHER ORDERED that the Clerk mail a copy of forms used by prisoners to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 as well as an application to proceed in forma pauperis in the event the plaintiff is unable to pay the filing fee of $5.00 to the plaintiff at his last known address.

This the  10th  day of August, 2006.

                                        *s/ Keith Starrett*
                             UNITED STATES DISTRICT JUDGE